# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

BEVERLY CLARK, )
                      Plaintiff, )
vs. )
        )
GOVERNMENT EMPLOYEES )
INSURANCE COMPANY, )
        )
                Defendant. )
_____ )

COPY
Original Received
    0 1 2020
Clerk of the Trial Courts

Case No.: 3AN-20- 05778 CI

## COMPLAINT

COMES NOW, plaintiff Beverly Clark, by and through counsel of record, Evan Barrickman of the Law Office of Evan Barrickman, P.C. and for her complaint against defendant, Government Employees Insurance Company, states and alleges as follows:

1. On or about September 18, 2016, plaintiff was a resident of Alaska, residing in the Third Judicial District.

2. That all times material hereto, defendant Government Employees Insurance Company ("Geico") is a foreign corporation that was and is licensed and authorized to conduct business as an insurer in Alaska.

3. Geico conducts its business in Alaska selling insurance policies to members of the public in Alaska and adjusts their insurance policies in Alaska.

4. Geico sold a Underinsured/Uninsured Motor Vehicle Insurance Policy ("UIM") to plaintiff that was in effect on September 18, 2016 with limits of $50,000 per person.

5. Geico avails itself to the jurisdiction of the courts of the State of Alaska.

6. This court has jurisdiction pursuant to AS 22.10.020.

LAW OFFICE OF EVAN BARRICKMAN, P.C.
745 West 4th Ave., Suite 250 • Anchorage AK, 99501
Phone: (907) 770-9000 • Fax: (888) 581-2856
Email: evan@evanblaw.com

COMPLAINT
*Clark v. Geico*, 3AN-20-
Page 1 of 5
      CI

LAW OFFICE OF EVAN BARRICKMAN, P.C.
745 West 4th Ave., Suite 250 • Anchorage AK, 99501
Phone: (907) 770-9000 • Fax: (888) 581-2856
Email: evan@evanblaw.com

7. Venue is proper at the Third Judicial District at Anchorage under AS 22.10.030 and Civil Rule 3.

8. On September 18, 2016, plaintiff was riding as a restrained front-seat passenger in an automobile driven by her daughter, Margaret Morgan.

9. Ms. Morgan proceeded through a steady green signal at the intersection of Abbot and New Seward Highway in Anchorage.

10. At that same place and time, Dillon P. Van Hoek, was traveling on Abbot road, and entered the same intersection against a steady red signal, and collided with the vehicle that plaintiff was a passenger in.

11. Plaintiff suffered serious injuries as a result of the vehicle collision with Mr. Van Hoek, including, but not limited to, damages consisting of medical expenses, pain and suffering, diminished earning capacity, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages.

12. Many of plaintiff's treatment providers recommended back surgery to treat the injuries plaintiff received as a result of the September 18, 2016 collision.

13. Plaintiff received a liability limits settlement against Mr. Van Hoek's third-party liability motor vehicle bodily injury policy.

14. Geico consented to plaintiff's settlement with Mr. Van Hoek's third-party lability motor vehicle bodily injury policy.

15. Plaintiff was not fully compensated for her damages by Mr. Van Hoek's insurance policy.

16. Geico promised to pay plaintiff for any bodily injury damages caused by an underinsured motorist in exchange for plaintiff's insurance premium payments.

LAW OFFICE OF EVAN BARRICKMAN, P.C.
745 West 4th Ave., Suite 250 • Anchorage AK, 99501
Phone: (907) 770-9000 • Fax: (888) 581-2856
Email: evan@evanblaw.com

17. Plaintiff properly submitted a UIM claim to Geico in a letter dated November 8, 2019 requesting that Geico tender policy limits given the extent of plaintiff's damages and injuries, including the recommendation for future surgery. In that same letter, plaintiff requested that Geico adjust her UIM claim pursuant to Alaska' Unfair Claim Settlement Practices act AS 21.36.125 & 3AAC 26.010 – 300. Plaintiff also requested that Geico adjust and pay the claim within 30 days.

18. Plaintiff's UIM claim is a first-party claim.

19. Geico had a duty to follow any and all applicable provisions in Alaska's Unfair Claims Settlement Practices act and associated regulations when adjusting plaintiff's claim.

20. Geico owed plaintiff a duty to avoid intentionally tortious conduct and a duty to exercise reasonable care in handling plaintiff's claim and in fulfilling Geico's duties to plaintiff.

21. Geico owed plaintiff a duty of good faith and fair dealing and a special fiduciary duty to plaintiff in investigating, adjusting and paying her UIM claim.

22. Plaintiff, at the request of Geico's adjuster, Ms. Valerie Solomon, submitted all requested records and executed releases to allow Geico to adjust the claim.

23. Geico was required to be objective, even-handed, and unbiased in its investigation, evaluation, and payment of plaintiff's UIM claim.

24. Geico was obligated to treat plaintiff's interests with equal regard as its own interest when adjusting her UIM claim.

25. Geico's adjuster was required to reasonably investigate plaintiff's UIM claim.

26. Geico's adjuster did not consult with any medical expert regarding plaintiff's injuries.

27. Geico's adjuster did not communicate with any of plaintiff's medical providers regarding her injuries.

COMPLAINT
*Clark v. Geico*, 3AN-20-
Page 3 of 5                    CI

28. Geico, through Ms. Solomon, made a single oral offer in the amount of $6,000 on plaintiff's UIM claim.

29. Geico never informed plaintiff in writing the reasons for the denial of plaintiff's claim for UIM policy limits nor was reason given in writing for Geico's offer of $6,000 for the UIM Claim.

30. Plaintiff's damages far exceed the policy limits on her UIM policy with Geico.

31. Geico knew, or should have known that plaintiff's injuries and symptoms, including the requirement of future surgery, were caused by the September 18, 2016 collision.

32. Geico knew, or should have known, that plaintiff's UIM damages far exceed $6,000.

33. Geico unreasonably adjusted plaintiff's UIM claim.

34. Geico has failed to make a reasonable investigation of all available information and make a reasonable offer of compromise.

35. Geico is compelling plaintiff, a first-party insured, to litigate for recovery on her UIM claim by offering an amount that does not have an objectively reasonable basis in law and fact.

36. Geico is liable for the actions and/or failures to act of its employees under theories of vicarious liability and/or agency and/or respondeat superior.

## COUNT 1 – BREACH OF GOOD FAITH AND FAIR DEALING

37. Plaintiff restates and incorporates by reference all paragraphs listed above.

38. Geico's conduct breached their duty of good faith and fair dealing and the special fiduciary duty owed to plaintiff.

39. Plaintiff is entitled to damages from Geico, in an amount to be proven at trial.

## COUNT 2 – BREACH OF CONTRACT

40. Plaintiff restates and incorporates by reference all paragraphs listed above.

41. Geico's conduct constitutes a breach of contract.

42. Plaintiff is entitled to damages from Geico, in an amount to be proven at trial.

## COUNT 3 – BAD FAITH HANDLING OF UIM CLAIM

43. Plaintiff restates and incorporates by reference all paragraphs listed above.

44. Geico's conduct constitutes intentional and/or reckless, and/or negligent mishandling and adjustment of plaintiff's claims which was done in bad faith, was outrageous and constitutes a reckless disregard of plaintiff's interests.

45. Plaintiff is entitled to damages from Geico, including punitive damages, in an amount to be proven at trial.

WHEREFORE, plaintiff requests the following relief:

1. An award of damages in an amount in excess of $100,000, the amount to be proven at trial;

2. An award of pre and post-judgment interest, costs and attorney's fees;

3. An award of punitive damages; and

4. Grant such other relief the court deems just and equitable.

DATED this 30th day of March, 2020, at Anchorage, Alaska

LAW OFFICE OF EVAN BARRICKMAN, P.C.

By: _____

Evan A. Barrickman
Alaska Bar No. 1211081
Attorney for Plaintiff

LAW OFFICE OF EVAN BARRICKMAN, P.C.
745 West 4th Ave., Suite 250 • Anchorage AK, 99501
Phone: (907) 770-9000 • Fax: (888) 581-2856
Email: evan@evanblaw.com